PARIENTE, J.
concurring.
I concur with the majority opinion. I write separately, however, to urge The Florida Bar to consider requiring community service hours as a prerequisite to reinstatement to the Bar. As the majority opinion points out, there is currently no rule that requires community service or pro bono activity as an “absolute precondition to reinstatement following suspension.” Majority op. at 1178. Further, in this case the plea agreement signed by the Bar contained no express requirement that Wolfe perform community service or permissible pro bono activities during his period of suspension. See id. Notably, Rule Regulating the Florida Bar 4-6.1, which governs the Bar’s pro bono public service requirement, expressly exempts suspended lawyers from the professional responsibility of rendering pro bono legal services to the poor and participating in other pro bono service activities. Although I understand that suspended lawyers should be precluded from providing any type of pro bono legal services, there are a multitude of pro bono community services that a suspended lawyer could appropriately perform.
In light of The Florida Bar’s longstanding commitment to pro bono activities, it is my hope that the Bar will study this matter and consider appropriate rule changes that would accomplish the goal of emphasizing the importance of this aspect of a lawyer’s professional and civic responsibility. Although pro bono activities are aspirational for a practicing lawyer, these socially productive activities seem especially appropriate as one means for the suspended lawyer to “earn” his or her reinstatement to The Florida Bar.
ANSTEAD, J., concurs.